IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THELMA BUTLER | * | |
|     Plaintiff, | | |
| v. | * | CIVIL ACTION NO. RDB-10-468 |
| ANNE ARUNDEL COUNTY | * | |
|  PARAMEDICS | | |
|     Defendant. | * | |
| | *** | |

**<u>MEMORANDUM OPINION</u>**

Thelma Butler, a resident of Pasadena, Maryland, filed this personal injury action seeking $1,5000,000.00 in damages for a broken left ankle injury which occurred in the course of her transport in an ambulance. The complaint states *in toto*:

> On February 20, 2009, I had surgery for removable [unintelligible] implant. The next Friday the 21st I had left ankle orthodic surgery. My reason for calling 911 was because 2 blood clots formed at the incision one on each side of incision. I needed to lie down on [my] back or sides in ambulance to prevent clots [from] rupturing. I walked out to the ambulance and was told by paramedics to step on up in ambulance. Once inside one paramedic was in back of me and began to pull me back by holding me under arms. The second man lifted legs up to help and I felt myself going down and I could not stop the lifting. Then I felt horrible pain in my left ankle. I was taken to the emergency room at Baltimore Washington Medical Center. Then had surgery 21th and went to Genesis Rehab and had physical therapy 5 weeks, then needed 2th surgery to remove screw that came out of the bone. Went back to Rehab a 2nd time and had 5 ½ weeks more therapy and IV antibiotics for infection and then came home to get well and heal.

Paper No. 1 at 2.

Butler's Motion for Leave to Proceed *In Forma Pauperis* shall be denied. While Butler and her husband receive Social Security Retirement benefits jointly totaling $2,400.00 a month and have cumulative monthly car and living expense payments of approximately $900.00, she affirms that she has savings totaling approximately $9,000.00 and a certification of deposit account of $11,000.00. Further, Butler notes that she owns a home valued at $200,000.00, with no monthly mortgage

payments.  In sum, the Court finds that Butler does not meet indigency requirements.  She shall not be required to cure this deficiency, however, as her Complaint shall be summarily dismissed.

To the extent Ms. Butler wishes to raise common-law tort claims in the federal court against Defendant for her ankle injury, she may not so do.  This is a court of limited original jurisdiction.  It does not sit to review every claim related to alleged tortious conduct involving non-federal parties.  It only has authority to review such claims filed pursuant to a federal district court's diversity of citizenship jurisdiction.

When a party seeks to invoke diversity jurisdiction under 28 U.S.C. § 1332, he bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.  *See Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 ($2^d$ Cir. 1998).  The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant.  *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989).  "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other."  *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)).  According to the Complaint all parties reside in Anne Arundel County, Maryland.  Thus, Butler's tort allegations cannot meet federal diversity requirements.

The instant matter is subject to dismissal.  A separate Order effecting the ruling made in this opinion is entered herewith.

Date: March 5, 2010                         /s/_____
                                            RICHARD D. BENNETT
                                            UNITED STATES DISTRICT JUDGE